UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PAMELA DUNCAN, *pro se*, on behalf of ALAN DOYLE DUNCAN (D*eceased*), | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:14-CV-319-TAV-HBG |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on defendant's Motion to Dismiss [Doc. 9]. Defendant moves the Court to dismiss this case for lack of personal jurisdiction and failure to properly serve defendant pursuant to Federal Rules of Civil Procedure 12(b)(2) and (5). Plaintiff has not responded, and her time in which to do so has passed. E.D. Tenn. R. 7.1, 7.2. For the reasons that follow, the Court concludes that it lacks personal jurisdiction over this case because there was insufficient service of process. Therefore, the defendant's motion to dismiss will be granted.

I.      **Background**

Plaintiff filed a civil suit against the Commissioner of Social Security in Circuit Court for Loudon County, Tennessee, on June 18, 2014 [Doc. 1-1]. On July 11, 2014, Commissioner of Social Security filed a notice of removal to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446 [Doc. 1]. United States Magistrate Judge H. Bruce

Guyton held a status conference on December 16, 2014, at which defendant's counsel advised that defendant had not been properly served under Federal Rule of Civil Procedure 4(i) [Doc. 7].  The Court allowed plaintiff an additional thirty days to complete service, up to and including January 16, 2015 [Doc. 7].  On January 20, 2015, defendant's counsel received a letter from plaintiff in which plaintiff stated her intention to no longer pursue this matter [Doc. 10-1].

**II.     Analysis**

Defendant challenges the Court's personal jurisdiction over this matter based on plaintiff's failure to properly serve defendant under Rule 4(i) of the Federal Rules of Civil Procedure [Docs. 9, 10].  Rule 4(i) sets forth the means by which a plaintiff must serve the United States, its agencies, officers, or employees.  In order for this Court to have personal jurisdiction over a defendant, "the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, (1987).

Upon review of the record, plaintiff has not completed service of process on defendant [Doc. 10].  The January 16, 2015 deadline this Court set for plaintiff to complete service has since passed [Doc. 7].  Additionally, plaintiff has made no request for an extension of that deadline, and it is apparent from plaintiff's letter to defense counsel that plaintiff no longer intends to prosecute this matter and consequently is not opposed to dismissal [Doc. 10-1]. Moreover, for the same reasons, the Court declines to exercise its discretion to permit additional time for service. *Winston v. Bechtel Jacobs*

2

*Co.*, No. 3:13-CV-192, 2015 WL 1192704, at *3 (E.D. Tenn. Mar. 16, 2105). Because plaintiff failed to properly serve defendant, this Court lacks personal jurisdiction over this matter.

### III.     Conclusion

For the reasons stated herein, defendant's Motion to Dismiss [Doc. 10] will be **GRANTED**. This case will be **DISMISSED**. The Clerk will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE
